Fox and Fox Attorneys at Law, P.C.
BY: Craig H. Fox, Esquire                                       Attorney for Creditor
I.D. No. 49509
One Montgomery Plaza, Suite 706
425 Swede Street
Norristown, PA  19401
(610) 275-7990

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
|     William H. Johnson, aka | : | |
|     William Harry Johnson, | : | |
|          Debtor(s) | : | BANKRUPTCY NO.  15-18005-jkf |
| | : | |
| Springleaf Financial Services | : | |
| Of Pennsylvania, Inc. | : | Adversary Proceeding |
|     v. | : | |
| William H. Johnson, aka | : | No. |
| William Harry Johnson | : | |

## COMPLAINT OBJECTING TO DISCHARGE

AND NOW, comes Springleaf Financial Services of Pennsylvania, Inc., Plaintiff, by and through its attorneys, Fox and Fox Attorneys at Law, P.C., and respectfully represents:

1. Plaintiff is Springleaf Financial Services of Pennsylvania, Inc. ("Plaintiff"), a creditor who has a place of business located at 601 NW Second Street, Evansville, IN 47708.

2. Defendant, William H. Johnson, aka William Harry Johnson ("Debtor" and/or "Defendant"), is the Debtor in the above referenced Bankruptcy and is an adult individual who resides at 601 Bridge Street, Spring City, PA 19475.

3. This Complaint is an adversary proceeding brought in connection with Defendant's case under Chapter 13 Bankruptcy No. 15-18005-jkf, now pending in this Court, to determine the non-dischargeability of Debtor's liabilities, including its debt to Plaintiff, and to object to his discharge.

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157, 1334 and 11 U.S.C. §523 and §1328.  This matter is a core proceeding before the Bankruptcy Court pursuant to Bankruptcy Rules 4004, 4007 and 7001.

5. The Debtor filed a voluntary Petition, (the "Petition") under Chapter 13 of the Bankruptcy Code on or about November 6, 2015.

6. The Plaintiff is a listed creditor in the above-captioned Chapter 13 proceeding.

7. The Defendant has scheduled the debt owed to Plaintiff among those debts which Defendant seeks to discharge in Bankruptcy.

8. On or about October 21, 2015, Defendant/Debtor executed a Loan Agreement and Disclosure Statement pursuant to which Springleaf lent to Defendant/Debtor $7,500.11 (the "Loan Agreement"). A true and correct copy of the Loan Agreement is attached hereto as Exhibit "A" and incorporated herein by reference.

## COUNT I

9. Plaintiff incorporates herein by reference paragraphs 1 through 8 as though the same were set forth herein at length.

10. It is believed, and therefore averred, that on October 21, 2015 at the time Defendant borrowed money from Plaintiff, Defendant knew that it would be filing for Bankruptcy, and that the borrowed money would not be repaid.

11. Defendant used false pretense, false representation and/or actual fraud in having Plaintiff lend the money to him.

WHEREFORE, Plaintiff demands judgment denying the Defendant's /Debtor's discharge and for such other relief as is just, as detailed on the attached Order.

## COUNT II

12. Plaintiff incorporates herein by reference paragraphs 1 through 11 as though the same were set forth herein at length.

13. Defendant Debtor knowingly and fraudulently misrepresented him intentions with respect to the debt to Springleaf.

WHEREFORE, Plaintiff demands judgment denying the Defendant's/Debtor's discharge and for such other relief as is just, as detailed on the attached Order.

## COUNT III

14. Plaintiff incorporates herein by reference paragraphs 1 through 13 as though the same

were set forth herein at length.

15. The money, property, extension, renewal and/or refinancing of credit was obtained by false pretense, false representation, or actual fraud.

WHEREFORE, Plaintiff demands judgment denying the Defendant's/Debtor's discharge and for such other relief as is just, as detailed on the attached Order.

### COUNT IV

16. Plaintiff incorporates herein by reference paragraphs 1 through 15 as though the same were set forth herein at length.

17. The loan made by Debtor was done so within seventy (70) days before the Order for Relief was entered in this case and, as a result, is presumed to be non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(C).

WHEREFORE, Plaintiff demands judgment denying the Defendant's/Debtor's discharge and for such other relief as is just, as detailed on the attached Order.

Fox and Fox Attorneys at Law, P.C.

By: _____
CRAIG H. FOX,
Attorney for Plaintiff
Springleaf Financial Services
Of Pennsylvania, Inc.
